**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:12cr262 |
| Plaintiff, | : | |
| v. | : | **DETENTION ORDER** |
| Tarek Elkafrawi et al., | : | |
| Defendant. | : | |

This criminal case was referred to the undersigned Magistrate to conduct a detention hearing for Defendant Tarek Elkafrawi. For the reasons which follow, Defendant is ordered detained.

### INTRODUCTION

A sixty-four count indictment filed on May 22, 2012, charges Defendant in 53 counts as follows: one count of money laundering, in violation of 18 U.S.C. § 1956 (h); two counts of alien harboring in violation of 8 U.S.C. § 1324; eighteen counts of mail fraud, in violation of 18 U.S.C. § 1341; twenty-three counts of identity theft, in violation of 18 U.S.C. §§ 1028 and 1028A; two counts of arson, in violation of 18 U.S.C. §§ 844 (h) and (i), and six counts of health care fraud, in violation of 18 U.S.C. § 1347. Upon conviction, the money laundering and mail fraud charges carry a potential statutory penalty of up to 20 years. The potential penalty for conviction of each aggravated identity theft charge is a consecutive two-year period. The indictment also includes a forfeiture count pursuant to 18 U.S.C. § 982.

Following arraignment on May 23, 2012, Defendant was detained and a detention hearing was scheduled for May 31, 2012.

At the hearing, Defendant's counsel proposed his release subject to: (1) posting residential property in Newburgh, Indiana allegedly owned by Defendant and his wife, Kelly Elkafrawi, a co-defendant; (2) cash of $5,000 to be posted by Defendant's friend in Kansas; (3) Defendant's spouse to serve as third party custodian and (4) any other conditions deemed appropriate by the Court.  The government argued that a presumption against release applies as set forth in 18 U.S.C. § 3142 (f)(1)(A) for an offense listed in Section 2332b(g)(5)(B).

The factors to be considered by the court in considering bond requests are set forth in 18 U.S.C. § 3142(g):  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

For the reasons contained in this order, the Magistrate finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(g) have been proposed which will reasonably assure defendant's appearance at future court proceedings.

**EVIDENCE PRESENTED**

Defendant's spouse, a co-defendant in this case, testified in the presence of her counsel, Ms. Chereffe Kadri.  Ms. Elkafrawi agreed to post real property fully owned by the parties, located at 10400 Tecumseh, Newburgh, Indiana, to secure her husband's release.  Ms. Elkafrawi testified that the parties purchased the real estate 10 years ago for $155,000 and they have listed it for sale at prices ranging from $190,000 to $ 250,000.  The property is currently being sold on a land contract

to co-defendant Terek Eid Omar. She testified that the FBI seized her passport and those of her husband on September 20, 2011 when they searched Defendants' residence. Since that search, she testified that she has not traveled except to Evansville, Indiana, in March or April 2012 and that while in Evansville, she removed an old SABLE business computer for transfer to her home in Perrysburg, Ohio.

She further testified that if she were named a third-party custodian for her husband that she would report him if he violated a condition of release and that she would drive him to court for his appearances.

Defendant acknowledged that her husband obtained a credit card for their son when he was 10 years old using a date of birth and salary which were not authentic. She also admitted having recent conversations with a potential purchaser for Defendant's International House of Pancake (IHOP) franchises, a sale which she testified had been pending for five months.

Defendant's friend, also an IHOP franchisee, testified telephonically from Overland Park, Kansas that he would post $5,000 to obtain defendant's release. He has known Defendant since 1982 and his opinion that Defendant would appear at all court proceedings was based upon his "gut" feeling that Defendant would comply with court orders.

Defense counsel also proffered letters from two physicians who treat Defendant for health conditions including, *inter alia*, severe coronary artery disease, valvular disease, high blood pressure, high cholesterol diabetes and morbid obesity.

Government counsel presented the testimony of FBI Special Agent (SA) Richard Kapek, who testified that based upon his investigation, Defendant would pose a risk of flight if released. SA Kapek testified that Defendant has sent money to Egypt, has multiple Egyptian real estate

investments and bank accounts in Egypt. He testified that Defendant deposited money in the Egyptian bank accounts by personally taking money to Egypt and by wiring funds in his own and other names. He testified that at the time of his arrest on May 23, 2012, Defendant possessed copies of Egyptian travel documents, copies of defendant's Egyptian identification card and a copy of the United States passport of Defendant's father. SA Kapek also testified that Defendant faces 20 charges of identity theft, securing false identifications and that Defendant applied for credit using his son's name.

Defense counsel argued that the proposed conditions would assure Defendant's appearance at future court proceedings and cited as a compelling factor that Defendant has only traveled to Indiana since the September 20, 2011 search of his home more than eight months ago. The government contends, however, that the conditions presented were inadequate to overcome the presumption against release and to assure the appearance of the Defendant considering the charges, his Egyptian ties and his attempt to destroy computers containing evidence relating to the pending charges and that his wife's recently attempted to sell the IHOP franchises.

## LEGAL CONCLUSIONS

The government's burden of proof as to danger to the community is clear and convincing evidence; the burden of proof as to the risk of flight is a preponderance of the evidence. *See United States v. Portes*, 786 F.2d 758 (7th Cir. 1985); *United States v. Orta*, 760 F.2d 887 (8th Cir. 1985). The indictment is sufficient to establish probable cause that defendant committed the offenses with which he is charged. *See United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

After considering the factors set forth in 18 U.S.C. § 3142, the testimony presented and the arguments of counsel and information included in the Pretrial Services Report, the Court finds, for

the reasons stated herein and on the record, that Defendant failed to overcome the presumption against release and that the government has met its burden as to Defendant's likelihood of non-appearance by a preponderance of the evidence. The undersigned further finds that Defendant's spouse, a co-defendant, in this case is not a suitable third-party custodian and that no documentation regarding the ownership, value, absence of liens and tax status of the Indiana property was presented. The undersigned Magistrate, therefore, orders detention.

Accordingly, Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

So ordered.

    /s/Vernelis K. Armstrong
Vernelis K. Armstrong
United States Magistrate Judge

Date: May 31, 2012