PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TAREK ELKAFRAWI, | ) | |
| | ) | CASE NO. 3:16CV100 |
| Petitioner, | ) | (3:12CR262) |
| | ) | |
| v. | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF Nos. 475 & |
| | ) | 486] |

Pending before the Court are two motions filed by Petitioner Tarek Elkafrawi:(1) Motion

to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §

2255 (ECF No. 475) and (2) Motion for Consideration of Post-Sentencing Rehabilitation (ECF

No. 486). The Government has responded to both motions. ECF No. 478 & ECF No. 487. For

the following reasons, the Court denies both motions.

### I. Background

On July 3, 2014, Petitioner pled guilty to fifty three charges, including money laundering,

conspiracy to commit alien harboring, mail fraud, wire fraud, arson, identity theft, and health

care fraud. ECF No. 401 at PageID #: 2823. Subsequently, the Court sentenced Petitioner to 96

months incarceration, two years supervised release supervision, a $5,300 special assessment, and

restitution. ECF No. 431 at PageID #: 3079-81.

(3:16CV100)

Petitioner filed a notice of appeal on November 6, 2014. ECF No. 416. The Sixth

Circuit Court of Appeals subsequently granted Petitioner's motion for voluntary dismissal. ECF

No. 465.

On January 15, 2016, Petitioner filed a motion to vacate, arguing that his Sixth

Amendment right to counsel was violated when his counsel advised him to plead guilty, because

the advice allegedly contained an incorrect statement of law. ECF No. 475. On August 21,

2017, Petitioner filed a motion for consideration of post-sentencing rehabilitation, in which he

rehashes the arguments from his motion to vacate and argues that he merits a two point reduction

in his sentence because he purportedly was substantially less culpable than the other

perpetrators. ECF No. 486.

## II. Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

In order to prevail upon a Section 2255 motion, the movant must allege as a basis for relief: "(1)

an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3)

an error of fact or law that was so fundamental as to render the entire proceeding invalid."

*Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003) (quoting *Weinberger v. United*

*States*, 268 F.3d 346, 351 (6th Cir. 2001)).

2

### III. Discussion

**A. Motion to Vacate**

Petitioner offers one contention to support his motion to vacate: that his decision to plead guilty was the result of ineffective assistance of counsel.

Ineffective assistance of counsel may be a proper basis for relief under 28 U.S.C. § 2255, provided that the petitioner can demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *McQueen v. United States*, 58 F. App'x. 73, 76 (6th Cir. 2003). To establish ineffective assistance of counsel, a petitioner must first demonstrate that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Next, the petitioner must show that counsel's deficient performance prejudiced the defense. *Id.* "This requires showing that counsel's errors were so serious as to deprive [the petitioner] of a fair trial, a trial whose result is reliable. Unless a [petitioner] makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.*

Counsel's performance is deficient when the representation falls below an "objective standard of reasonableness." *Id.* at 688. A petitioner must overcome the strong presumption that counsel's conduct fell "within the wide range of reasonable professional assistance," and that "the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). Not all errors by counsel are constitutional violations. "An

(3:16CV100)

error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. To satisfy the prejudice requirement of *Strickland*, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Where the analysis involves a guilty plea, the petitioner must show a reasonable probability that the petitioner would have pleaded differently. *Griffin v. U.S.*, 330 F.3d 733, 737 (6th Cir. 2003). The failure to satisfy either requirement proves fatal to an ineffective assistance of counsel claim. *Strickland*, 466 at 697.

In his motion, Petitioner alleges that "Defense counsel Kerger advised [him] ... that a motion filed by the Government pursuant to U.S.S.G. 5K1.1 would allow this Court to sentence him to time served or only a probationary term." ECF No. 475 at PageID #: 3264. The record belies this assertion.

During Petitioner's change of plea hearing the Government recited the penalties that applied to the charges to which Petitioner was pleading guilty. *See e.g.* ECF No. 401 at PageID #: 2836 ("Count 1, money laundering, title 18 1956(h) carries with it a penalty of 20 years, three years post supervised release and a fine of either $500,000 or two times the value of the total conspiracy, and just in case I forgot, all of these also carry with them a $100 special assessment."). The Government even noted when particular charges carried a mandatory minimum sentence. *See, e.g. id.* at PageID #2838. ("[T]he use of fire to commit a felony ... has a ten year mandatory minimum."). These statements put Petitioner on notice that his plea of

4

(3:16CV100)

guilty carried with it a risk of imprisonment and that some of his crimes carried mandatory

minimum prison sentences. *See Andrews v. United States*, 634 F.App'x. 259, 261-62 (11th Cir.

2015) (denying ineffective assistance claim where defendant claimed he was unaware that plea

would lead to a term of life imprisonment, in part, because government clearly explained to

defendant at both his arraignment and detention hearing that defendant was subject to life

imprisonment).  Contrary to Petitioner's argument that he was improperly advised, the record

shows that he was  given  notice that pleading guilty would likely lead to his incarceration.

Moreover, Petitioner admitted during his change of plea hearing that no one had made

any promises to him that caused him to change his plea, except for the plea agreement with the

government.  ECF No. 401 at PageID #: 2872-73.  Under that agreement, the Government

promised to seek a one point reduction, not that it would avoid seeking imprisonment.  *Id.* at

PageID #: 2824.

Additionally and, perhaps, most importantly, Petitioner's allegation of counsel's

purported advice lacks the requisite factual support.  The only substantiation of Petitioner's

claim that counsel advised him incompetently is the motion itself.  Bare allegations in a motion

to vacate, however, are not enough to establish that a defendant's counsel failed to inform the

defendant properly.  *See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002)

(holding that trial court did not error in denying motion to vacate when petitioner failed to

produce even an affidavit from petitioner or trial counsel regarding the alleged failure of counsel

to inform petitioner that guilty plea waived his ability to challenge the denial of a motion to

suppress); *United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir. 1989) ("In order to establish

5

(3:16CV100)

that his counsel failed to inform him of the possibility of federal prosecution, Jordan must

provide some proof of his claim."). Therefore, due to Petitioner's failure to provide proof of the

naked allegation of impropriety in the motion, the allegation does not overcome the presumption

that his counsel's conduct was reasonable.[1]

Because Petitioner's motion fails to meet the performance prong of *Strickland*, it is

unnecessary to analyze the prejudice prong of the *Strickland* test. Accordingly, the Court denies

the Motion to Vacate, finding that Petitioner has not demonstrated a basis for relief under 28

U.S.C. § 2255.

---

[1] In his argument, Petitioner also weaves in claims that, due to the purported
ineffective assistance of counsel, his plea was unknowing and involuntary. *See e.g.* ECF
No. 475 at PageID #: 3264 ("Defense counsel Kergers's unquestionably deficient
performance ... prejudiced Mr. Elkafrawi by denying him the right to make a knowing
and voluntary plea."). The Court does not construe this as a challenge to his plea,
because claims of involuntariness that a petitioner does not raise on direct review
procedurally default, and therefore, require a showing of either (1) cause and prejudice or
(2) actual innocence. *Bousley v. United States*, 523 U.S. 614, 622-23 (1998); *see also*
*Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001) (applying *Bousley* procedural
default rule to review of § 2255 motion to vacate). Instead, the Court views these points
as part of Petitioner's ineffective assistance of counsel argument. Regardless, even if
meant as independent arguments, Petitioner has failed to overcome the procedural default
bar.

6

(3:16CV100)

### B. Motion for Consideration of Post-Sentencing Rehabilitation

Petitioner contends that he should receive a two-point reduction to his sentence under 18 U.S.S.G. § 3B1.1 because he was less culpable than the other participants in the crimes.[2] *See* ECF No. 486.

Petitioner acknowledges that he did not directly appeal his sentence. This means that he can only obtain relief from an alleged error in the application of the Sentencing Guidelines on collateral review after showing a complete miscarriage of justice. *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). Petitioner has made no such showing in this case. Therefore, his motion fails on that basis alone.

Additionally, Petitioner's motion omits that which makes him less culpable. Rather, he lists factors to be considered and concludes by offering that he deserves a reduction. The government fills in the gaps by retorting that Petitioner "was the owner of all of the restaurants involved in the criminal operation, he benefitted the most from a financial standpoint, and he was in charge and control of the management, employment and remuneration of virtually all of the other defendants in the case." ECF No. 487 at PageID #: 3308-09. Petitioner's bare assertion that he should receive a reduction based on culpability fails to persuade.

The Motion for Consideration of Post-Sentencing Rehabilitation is denied.

---

[2] The Court does not address the arguments related to ineffective assistance of counsel that Petitioner makes in his motion for consideration, because the Court has already addressed those same arguments in the context of Petitioner's motion to vacate. *See supra* Section III, A.

(3:16CV100)

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Petitioner's arguments are without merit.

The motions to vacate and for consideration of post-sentencing rehabilitation are denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


 October 18, 2017                                   /s/ Benita Y. Pearson
Date                                               Benita Y. Pearson
                                                   United States District Judge